**FILED**
CLERK, U.S. DISTRICT COURT
06/21/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____IGU_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>MATHEW R. BOWYER,<br><br>     Defendant. | CR No. 8:24-cr-00080-HDV<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1955: Operating an Illegal Gambling Business; 18 U.S.C. § 1957: Transactional Money Laundering; 26 U.S.C. § 7206(1): Subscribing to a False Tax Return; 18 U.S.C. § 2(a): Aiding, Abetting Commission of an Offense; 18 U.S.C. § 2(b): Causing An Act to be Done; 18 U.S.C. § 1955(d), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. §§ 1955, 2(a)]

Beginning on an unknown date and continuing through on or about October 5, 2023, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant MATHEW R. BOWYER aided, conducted, financed, managed, supervised, directed, and owned an illegal gambling business, specifically, a bookmaking business involving the taking of bets on the outcomes of sporting

events at agreed-upon odds in violation of California Penal Code Section 337a, which business: involved at least five persons who conducted, financed, managed, supervised, directed, and owned all or part of the business; had been in substantially continuous operation by at least five persons for a period in excess of thirty days; and had gross revenue of more than $2,000 in a single day.

COUNT TWO

[18 U.S.C. §§ 1957, 2(b)]

On or about July 31, 2023, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant BOWYER, knowing that the funds involved represented the proceeds of some form of unlawful activity, knowingly engaged in, and willfully caused others to knowingly engage in, a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000, to wit, a wire transfer of $521,000 to a casino in Las Vegas, Nevada, which property, in fact, was derived from specified unlawful activity, namely, operation of an illegal gambling business, committed in violation of Title 18, United States Code, Section 1955, as charged in Count One of this Information.

COUNT THREE

[26 U.S.C. § 7206(1)]

On or about September 26, 2023, in Orange County, within the Central District of California, and elsewhere, defendant MATHEW R. BOWYER, a resident of Orange County, California, willfully made and subscribed to a materially false United States Individual Income Tax Return, Form 1040, for tax year 2022, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Internal Revenue Service, which return defendant BOWYER did not believe to be true and correct as to every material matter, in that defendant BOWYER reported, on line 10, that his taxable income for calendar year 2022 was $607,897, when, in fact, as defendant BOWYER then knew, his taxable income for the year 2022 was substantially higher than that amount.

FORFEITURE ALLEGATION

[18 U.S.C. § 1955(d); 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1955(d) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in Count One of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) Any property, including money, used in such offense, and any property traceable to such property; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

//
//
//

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

*/s/ Mack Jenkins*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

MARK A. WILLIAMS
Assistant United States Attorney
Chief, Environmental Crimes and
Consumer Protection Section

RACHEL N. AGRESS
Special Assistant United States
Attorney

JEFF MITCHELL
Assistant United States Attorney
Major Frauds Section

DAN G. BOYLE
Assistant United States Attorney
Environmental Crimes and
Consumer Protection Section